IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TESS ANDRIATTI,

                Plaintiff,

v.

SHERIFF JOE CHAPMAN,

                Defendant.

1:14-cv-1226-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Alan J. Baverman's Final Report and Recommendation [2] ("R&R"). The R&R considers Plaintiff Tess Andriatti's ("Plaintiff") Complaint for Mandamus Relief [1] ("Complaint"). The Magistrate Judge recommended that the Complaint be administratively closed pursuant to Rule 42 of the Federal Rules of Civil Procedure. Also pending before the Court is Plaintiff's Application for Leave to Proceed *in forma pauperis* [4] ("IFP Application").

I.    BACKGROUND

On April 23, 2014, Plaintiff filed her Complaint, requesting that the Court "issue the necessary writs and send the necessary documents to the U.S. Marshals Office to procure my immediate Release." (Complaint at 1). Plaintiff does not

provide any basis to support her request for a writ of mandamus, asserting only that she "understand[s] that the Judge hearing this motion and Petition has no Power to deny this request." (Id.).

Plaintiff is an inmate at the Cobb County Adult Detention Center in Marietta, Georgia, and has previously filed two separate actions seeking writs of mandamus compelling her release from state custody. See Andriatti v. Warren, 13-cv-4033 & Andriatti v. Chapman, 14-cv-876. In those cases, Plaintiff asserted that she was imprisoned against her will for a victimless crime and that the state court lacked jurisdiction over her because she is a woman. The Court construed her complaints in those actions as requests that the Court issue writs of mandamus compelling the state court to release Plaintiff from custody. The Court denied Plaintiff's requests and dismissed her complaints. See Andriatti v. Warren, 13-cv-4033 at [23]; Andriatti v. Chapman, 14-cv-876 at [7].

On May 2, 2014, the Magistrate Judge, noting that Plaintiff had raised the same issues in the previously-filed cases which were then pending before the Court, recommended that the case be administratively closed pursuant to Rule 42 of the Federal Rules of Civil Procedure. (R&R at 2). Petitioner did not object to the Magistrate Judge's R&R. On May 14, 2014, Petitioner filed her IFP Application.

## II.   DISCUSSION

### A.   Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.   Analysis

Plaintiff has not filed objections to the Magistrate Judge's finding that she has raised the identical claims in prior actions before this Court, and the Magistrate Judge's recommendation that the case be administratively closed. Rule 42 of the Federal Rules of Civil Procedure provides that if "actions before the court involve a common question of law or fact, the court may . . . issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a)(3).

The Court dismissed Plaintiff's prior mandamus actions for failure to state a claim, having concluded that Plaintiff was not entitled to a writ of mandamus to direct state officers or the state court in the performance of their official duties. See Andriatti v. Warren, 13-cv-4033 at [23]; Andriatti v. Chapman, 14-cv-876 at [7]; see also 28 U.S.C. § 1915A(b)(1); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (citing 28 U.S.C. § 1361 & Moye v. Clerk, DeKalb Cnty. Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973)).  For the same reasons, this action also fails to state a claim.[1]

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **MODIFIES** Judge Alan J. Baverman's Final Report and Recommendation [2] and Plaintiff's Complaint [1] is **DISMISSED** for failure to state a claim.

---

[1]   Having concluded that Plaintiff's Complaint fails to state a claim, the Court denies Plaintiff's IFP Application as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed *in forma pauperis* [4] is **DENIED AS MOOT**.

**SO ORDERED** this 17th day of November, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE